IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES H. CARR, JR.,

    Petitioner,                    No. CIV S-05-1871 DFL DAD P

    vs.

RODDERICK HICKMAN, et al.,

    Respondents.              ORDER

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the decision of the California Board of Parole Hearings,[1] after conducting petitioner's seventeenth parole consideration hearing, to deny petitioner a parole date for two years. The matter is before the court on respondents' motion to dismiss the action for lack of subject matter jurisdiction.

        Respondents assert that there is no federally protected liberty interest in parole. Respondents rely on <u>Sass v. California Board of Prison Terms</u>, 376 F. Supp. 2d 975 (E.D. Cal. 2005), in which the district court held that California prisoners do not have a liberty interest in

---

[1] Effective July 1, 2005, California's Board of Prison Terms was abolished and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a) (West 2006) ("As of July 1, 2005, any reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

1  parole. The Ninth Circuit has ruled that the district court's holding in Sass was based on a
2  misreading of In re Dannenberg, 34 Cal. 4th 1061 (2005). Sass v. California Board of Prison
3  Terms, ___ F.3d ___, No. 05-16455, 2006 WL 2506393, at *3 (9th Cir. Aug. 31, 2006). The
4  Ninth Circuit concluded that "Dannenberg does not explicitly or implicitly hold that there is no
5  constitutionally protected liberty interest in parole." Id. Accordingly, "California inmates
6  continue to have a liberty interest in parole after In re Dannenberg." Id. at *1. Under clearly
7  established Supreme Court authority, "'California's parole scheme gives rise to a cognizable
8  liberty interest in release on parole.'" Id. at *3 (quoting McQuillion v. Duncan, 306 F.3d 895,
9  902 (9th Cir. 2002)). The liberty interest exists even for prisoners who have not already been
10 granted a parole date. Id. (citing Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003)).

In light of the Ninth Circuit's holding in Sass, respondents' motion to dismiss will be denied, and petitioner will be directed to file the status report described in the court's order filed on October 24, 2005.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondents' December 20, 2005 motion to dismiss is denied; and

2. Within thirty days after this order is filed, petitioner shall file and serve the status report required by this court's October 24, 2005 order.

DATED: September 1, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
carr1871.sassmtd